UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHU ATEM MOUSA,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2293

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the

community. (Pet., ECF No. 1, PageID.15.)[1] In an Order entered on August 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 7.) Respondents filed their response and a recording of the January 30, 2026, bond hearing on August 18, 2026, (Resp., ECF No. 8; Recording of Jan. 30, 2026, Bond Hearing, filed on Aug. 18, 2026).

## II. Relevant Factual Background

Petitioner is a citizen of Cameroon who entered the United States in 2024. (Pet., ECF No. 1, PageID.5; Resp., ECF No. 8, PageID.116.) On June 12, 2025, ICE arrested Petitioner in Cleveland, Ohio. (Resp., ECF No. 8, PageID.116.)

On January 30, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Jan. 2026 Immigration Judge Order, ECF No. 8-4, PageID.144.) At the conclusion of the January 30, 2026, hearing, the immigration judge denied Petitioner's request for bond because "[DHS] has proven by a preponderance of the evidence that [Petitioner] is a flight risk and there are no conditions or combination of conditions that would reasonably assure [Petitioner's] future appearances at immigration proceedings." (Immigration Judge Order, ECF No. 8-4, PageID.144.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-*

---

[1] In addition to filing the § 2241 petition, Petitioner also filed a motion seeking expedited review of the case. (ECF No. 3.) As set forth in this opinion, the Court will conditionally grant Petitioner's § 2241 petition. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

*Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: August 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge